UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MILTON DAVIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> SAN BERNARDINO SHERIFF'S DEPARTMENT, et al., <br><br> Defendants. | Case No. 5:21-cv-01941-JFW-JC <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DIRECTING PLAINTIFF TO RESPOND TO ORDER |

**I.　SUMMARY**

On November 15, 2021, plaintiff Paul Milton Davis, Jr., a detainee who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee ("IFP"), filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the San Bernardino County's Sheriff's Department ("Sheriff's Department" or "SBSD"), the West Valley Detention Center ("WVDC"), and SBSD Deputies Villarino, Nunez, Martinez, and Cypress, the latter of whom are sued in both their individual and official capacities.[1] (Comp. at 1, 3-4 (as paginated on the Court's electronic docket)).

---

[1] The Complaint does not clarify the basis for plaintiff's detention.

As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

## II.  THE COMPLAINT

Plaintiff alleges that on July 4, 2021 or August 22, 2021,[2] Deputies Villarino, Martinez and Nunez handcuffed plaintiff and tried to search his cell, but plaintiff did not let them. (Comp. at 5). In response, the deputies knocked plaintiff to the ground, punched him, choked him, and removed him from his cell. (Comp. at 5). Plaintiff complains that he was wearing a cast and Deputy Nunez used enough force to break the cast.[3] (Comp. at 3). Additionally, Deputy Martinez punched plaintiff while plaintiff was handcuffed and slammed his knee on plaintiff's neck, and Deputy Cypress dragged plaintiff down the stairs while plaintiff was handcuffed, which "messed up [plaintiff's] left foot." (Comp. at 3-5). Plaintiff also complains the handcuffs and leg strap were too tight so that they cut his wrists and cut off blood flow to his legs.[4] (Comp. at 5). He also asserts that he has mental health

---

[2] Plaintiff provides two dates of injury — July 4, 2021 and August 22, 2021 — but only describes a single incident. (Comp. at 3, 5). While documents attached to the complaint suggest the incident occurred on July 4, 2021, (Comp. at 7); see also Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991) ("If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." (citations and internal punctuation omitted)), plaintiff can clarify this issue in any amended complaint he files.

[3] It is unclear exactly what part of plaintiff's body was in a cast. (See Comp. at 3).

[4] Plaintiff's Complaint is not always entirely clear in explaining what actions each deputy took against plaintiff or how those actions affected plaintiff. (See Comp. at 3-5). For instance, it is unclear whether plaintiff was successfully handcuffed before the deputies took him to the ground and began punching him. (See Comp. at 5). Nor is it certain how many deputies were involved in dragging plaintiff down the stairs or who choked plaintiff. (See Comp. at 4-5). Moreover, while plaintiff suggests he was injured in the incident, he does not coherently explain the scope of any injuries, but instead complains that, among other things, his left foot was "messed up." (Comp. at 4-5). Plaintiff can clarify his allegations in any amended complaint he files.

problems and mental health staff should have been called before the incident occurred. (Comp. at 5).

Based on these contentions, plaintiff alleges violations of his Fourth, Sixth, and Fourteenth Amendment rights.[5] (Comp. at 5). Among other relief, plaintiff seeks damages and requests defendants undergo more training. (Comp. at 6).

### III. STANDARD OF REVIEW

Since plaintiff is proceeding IFP, his Complaint is subject to *sua sponte* review and must be dismissed if it is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Dismissal for failure to state a claim is appropriate if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). Although plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the [defendants] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

---

[5]If plaintiff is a pretrial detainee, his excessive force claim is properly brought under the Fourteenth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 397-98 (2015) ("'[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.'" (quoting Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)).

1  In considering whether to dismiss a complaint, the Court must accept the
2  factual allegations of the complaint as true,[6] Wood v. Moss, 572 U.S. 744, 755 n.5
3  (2014); Erickson, 551 U.S. at 93-94, construe the pleading in the light most
4  favorable to the pleading party, and resolve all doubts in the pleader's favor.
5  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122,
6  1125 (9th Cir. 2005). *Pro se* pleadings are "to be liberally construed" and are held
7  to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at
8  94; Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Hebbe v.
9  Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly
10 pleading standard and Twombly did not alter courts' treatment of pro se filings;
11 accordingly, we continue to construe pro se filings liberally when evaluating them
12 under Iqbal."). Dismissal for failure to state a claim can be warranted based on
13 either the lack of a cognizable legal theory or the absence of factual support for a
14 cognizable legal theory. See Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015), cert.
15 denied, 136 S. Ct. 929 (2016); Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d
16 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a
17 claim if it discloses some fact or complete defense that will necessarily defeat the
18 claim. See Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013),
19 cert. denied, 573 U.S. 916 (2014).
20 ///
21 ///
22 ///

---

[6] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). Likewise, the Court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2006); Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013).

## IV. DISCUSSION

The Court has reviewed the Complaint under the aforementioned standards and has concluded the Complaint is deficient and must be dismissed with leave to amend.

In particular, "a pro se litigant is not excused from knowing the most basic pleading requirements." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000), cert. denied, 532 U.S. 1008 (2001). For instance, Fed. R. Civ. P. 10(a) requires that the "[t]he title of the complaint must name all the parties." Here, the title of plaintiff's Complaint names two defendants – the Sheriff's Department and WVDC – while the body of his Complaint identifies four entirely different defendants – Deputies Villarino, Nunez, Martinez, and Cypress. (Comp. at 1, 3-4). This does not satisfy Rule 10(a) and, accordingly, plaintiff's Complaint must be dismissed with leave to amend. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir.), cert. denied, 506 U.S. 915 (1992); see also Rickard v. Riverside Cnty. Sheriff's Dep't, 2020 WL 5027985, *5 (C.D. Cal. 2020) ("Because the caption of the Complaint fails to clearly identify the persons/entities plaintiff is suing, the Complaint is dismissed with leave to amend for violation of Rule 10(a)."); Rodriguez v. Hart, 2019 WL 688210, *5 (C.D. Cal. 2019) ("In any amended complaint he chooses to file, Plaintiff must list his own name and the names of all the Defendants in the proper spaces in the caption or the amended complaint will be subject to dismissal on that basis alone.").

Since the Complaint must be dismissed with leave to amend on the foregoing basis, the Court will highlight a couple of other deficiencies in the Complaint.

First, plaintiff fails to state a claim against the Sheriff's Department and the WVDC – the only two defendants named in the caption of the Complaint – and against the individual defendants to the extent they are sued their official capacities. Plaintiff has not directly raised any allegations against the Sheriff's Department and WVDC (Comp. at 1-6). However, his suit against the individual deputies in their

official capacities is equivalent to a suit against their employer, <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985); <u>Hartmann</u>, 707 F.3d at 1127, which in this case is the Sheriff's Department. <u>See</u> <u>Streit v. Cnty. of Los Angeles</u>, 236 F.3d 552, 565-66 (9th Cir.) (Under California law, a sheriff's department "is a separately suable entity"), <u>cert. denied</u>, 534 U.S. 823 (2001); <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 624 n.2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations").

     A municipal entity such as the Sheriff's Department may be held liable under § 1983 only for constitutional violations occurring pursuant to an official government policy or custom. <u>Collins v. City of Harker Heights, Tex.</u>, 503 U.S. 115, 121 (1992); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). However, "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." <u>Monell</u>, 436 U.S. at 692; <u>Board of the Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown</u>, 520 U.S. 397, 403 (1997). Thus, "[i]n order to hold the [Sheriff's Department] liable under § 1983, [plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [Sheriff's Department] had a policy; (3) that the policy amounts to deliberate indifference to [plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" <u>Anderson v. Warner</u>, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011), <u>cert. denied</u>, 569 U.S. 904 (2013); <u>see</u> <u>also</u> <u>Cameron v. Craig</u>, 713 F.3d 1012, 1023 (9th Cir. 2013) ("Under federal law, the County cannot be held vicariously liable for its deputies' acts of excessive force. The County may be held liable only if it 'has adopted an illegal or unconstitutional policy or custom' that resulted in the excessive force." (citation omitted)). "To meet [the 'moving force'] requirement, the plaintiff must

show both causation-in-fact and proximate causation." Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1096 (9th Cir. 2013), cert. denied, 571 U.S. 1199 (2014); see also Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc) ("[T]here must be 'a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Conclusory allegations are insufficient to state a Monell claim. Iqbal, 556 U.S. at 678; see also Capp v. Cnty. of San Diego, 940 F.3d 1046, 1061 (9th Cir. 2019) ("[T]he [operative complaint] ascribes Defendants' alleged misconduct to official policy in a conclusory fashion that is insufficient to state a viable [Monell] claim."); Dougherty, 654 F.3d at 900-01 (affirming dismissal of Monell claims when there was a "lack any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*" (quoting Twombly, 550 U.S. at 555).

      The allegations of plaintiff's Complaint fail to meet these requirements since, among other things, plaintiff has not identified any policy, practice or custom that caused the alleged violation of his constitutional rights. See Fortson v. Los Angeles City Attorney's Office, 852 F.3d 1190, 1195 (9th Cir.) ("Fortson's official-capacity claims against the [police department] fail because he has not sufficiently. . . identified an official policy or custom that was the 'moving force' behind a potential constitutional violation."), cert. denied, 138 S. Ct. 69 (2017); AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (Monell claims "'must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively'" and "'must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 566 U.S. 982 (2012))); Dougherty, 654 F.3d at 900-01 (affirming dismissal of Monell claim when the plaintiff failed to allege "any facts demonstrating that his constitutional deprivation

was the result of a custom or practice of the City of Covina or that the custom or practice was the 'moving force' behind his constitutional deprivation.").

Second, although plaintiff appears to intend to assert a single excessive force claim against the individual defendants in their individual capacities – a claim which would be cognizable under the Fourteenth Amendment if plaintiff is a pretrial detainee (see supra note 5) or under the Eighth Amendment if plaintiff is a convicted prisoner[7] – plaintiff conflates references to violations of the Fourteenth Amendment, the Fourth Amendment and the Sixth Amendment into his single claim. (Comp. at 5). The Court cannot discern from the Complaint, and plaintiff fails to state a claim for violations of the Fourth Amendment (which applies to excessive force claims arising in the context of an arrest or investigatory stop of a free citizen and appears to be inapplicable here)[8] and the Sixth Amendment (which does not apply to excessive force claims).[9] To the extent plaintiff intends to assert claims arising under the Fourth and/or Sixth Amendments, he must do so in separate claims and allege facts demonstrating violations of such constitutional provisions.

---

[7] Whitley v. Albers, 475 U.S. 312, 318-326 (1986) (claim of excessive force to subdue convicted prisoner analyzed under an Eighth Amendment standard).

[8] Graham v. Connor, 490 U.S. 386, 394 (1989) (excessive force claim arising in context of arrest or investigatory stop of free citizen, most properly characterized as one invoking protections of Fourth Amendment).

[9] The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

For the reasons discussed herein, plaintiff's Complaint must be dismissed with leave to amend.

## V. ORDERS[10]

In light of the foregoing, IT IS HEREBY ORDERED that the Complaint is dismissed with leave to amend.

IT IS FURTHER ORDERED that within twenty (20) days of the date of this Order, plaintiff must do one of the following:

    1.    File a First Amended Complaint which cures the pleading defects set forth herein;[11] or

    2.    Sign and file the attached Notice of Dismissal which will result in the voluntary dismissal of this action without prejudice; or

---

[10]The Magistrate Judge's orders herein constitute non-dispositive rulings on pretrial matters. See McKeever v. Block, 932 F.2d at 797-98 (magistrate judges can dismiss complaints with leave to amend; dismissal of complaint with leave to amend is non-dispositive matter). To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.

[11]The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion. Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) set forth clearly the sequence of events giving rise to the claim(s) for relief; (f) allege specifically what each defendant did and how that individual's conduct specifically violated plaintiff's civil rights; (g) for each claim asserted, specifically identify which defendants are being sued and in what capacity; (h) not add defendants or claims that are not reasonably related to the claims asserted in the original Complaint; (i) include a title/caption naming all the parties (Fed. R. Civ. P. 10(a)); and (j) set forth "each claim founded on a separate transaction or occurrence . . . in a separate count[.]" Fed. R. Civ. P. 10(b).

      3.     File a Notice of Intent to Stand on Complaint, indicating plaintiff's intent to stand on the original Complaint despite the pleading defects set forth herein, which may result in the dismissal of this action based upon such defects.

**Plaintiff is cautioned that his failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint may be deemed plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with this Order.**

IT IS SO ORDERED.

DATED: February 14, 2022

                                                   /s/
                                Honorable Jacqueline Chooljian
                                UNITED STATES MAGISTRATE JUDGE

Attachments